# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JONATHAN HAIRSTON,

    Petitioner,

v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-347
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition (Doc. 1), Respondent's Return of Writ (Doc. 5), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED.**

## I. FACTS AND PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} Hairston and Terrence Pyfrom got into a fight at Club Turbulence on the eastside of Columbus. Hairston got a pistol from his car, but initially did not use it.
>
> {¶ 3} Hairston and Pyfrom resumed the dispute after a brief break. Hairston again got a pistol from his car and shot Pyfrom. Pyfrom's girlfriend, Montoya Rogers, was able to drive to Pyfrom's body and witnessed Hairston drive up to the body and then shoot Pyfrom again. Pyfrom died from gunshot wounds to the chest and head.
>
> {¶ 4} Tiffany Missouri testified at the trial and considered herself a friend of Jonathan Hairston. As a result, she initially denied seeing the shooting when questioned by police. A day later, she acknowledged witnessing the shooting and stated to police that Hairston was the shooter.

{¶ 5} At trial, Hairston acknowledged being at Club Turbulence that night, but denied being the shooter. Defense counsel called William Silverman as a witness at trial and Silverman testified that he saw someone shoot from the middle of Cassidy Avenue, a nearby street.

{¶ 6} In its rebuttal case, the state of Ohio called Columbus Police Detective Larry Wilson, who claimed that Hairston had admitted shooting Pyfrom but claimed the shooting was in self-defense.

*State v. Hairston*, No. 16AP-220, 2016 WL 6392637, at *1 (Ohio Ct. App. Oct. 27, 2016). On November 20, 2014, Petitioner was indicted by the Franklin County Grand Jury on one count of aggravated murder, in violation of O.R.C. § 2903.01; one count of murder, in violation of O.R.C. § 2903.02, and one count of having a weapon while under disability, in violation of O.R.C. § 2923.13, with specifications. (Doc. 5-1, PAGEID #: 49). Petitioner waived his right to a jury on Count 3, having a weapon while under disability. (PAGEID #: 53). He subsequently was found guilty after a trial on all three charges, with firearm specifications. On February 24, 2016, the trial court imposed a term of life imprisonment with parole eligibility after twenty-five years, plus an additional three years for the firearm specification on Count One, and a consecutive term of three years on Count Three.[1] Judgment Entry (Doc. 5-1, PAGEID #: 54–55). Represented by new counsel, Petitioner filed a timely appeal. He asserted as follows:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED MURDER; MURDER; AND HAVING WEAPONS UNDER DISABILITY AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

---

[1] The trial court merged Counts One and Two for sentencing. (Doc. 5-1, PAGEID #: 55).

*Hairston*, 2016 WL 6392637, at *1. On October 27, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On April 19, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hairston*, No. 2016-1807, 148 Ohio St.3d 1446 (Ohio 2017).

On April 18, 2018, Petitioner filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the evidence is constitutionally insufficient to sustain his convictions, and that his convictions are against the manifest weight of the evidence. Respondent asserts that these claims lack merit.

## II. STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this case. The United State Supreme Court has described the AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

AEDPA limits the federal courts' authority to issue writs of habeas corpus and forbids a federal court from granting relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)). The United States Court of Appeals for the Sixth Circuit has summarized these high standards:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id*. at 748–49. Ultimately, the burden of satisfying AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.    MANIFEST WEIGHT

Petitioner asserts that his convictions are against the manifest weight of the evidence. This claim, however, does not provide a basis for federal habeas corpus relief. *See Hawkins v. Ross Corr. Inst.*, No. 2:17-cv-466, 2017 WL 3084586, at *2 (S.D. Ohio June 2, 2017) (citing *Williams*

*v. Jenkins*, No. 1:15cv00567, 2016 WL 2583803, at *7 (N.D. Ohio Feb. 22, 2016) (citing *Nash v. Eberlin*, 258 F. App'x 761, 765, n.4 (6th Cir. 2007)); *Norton v. Sloan*, No. 1:16-cv-854, 2016 WL 525561, at *5 (N.D. Ohio Feb. 9, 2017) (citing *Ross v. Pineda*, No. 3:10-cv-391, 2011 WL 1337102, at *3 (S.D. Ohio)) ("Whether a conviction is against the manifest weight of the evidence is purely a question of Ohio law."); *Taylor v. Warden, Lebanon Corr. Inst.*, 2017 WL 1163858, at *10–11 (S.D. Ohio March 29, 2017)).

Under Ohio law, a claim that a verdict was against the manifest weight of the evidence—as opposed to one based upon insufficient evidence—requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

**IV. SUFFICIENCY OF THE EVIDENCE**

Petitioner also asserts that the evidence is constitutionally insufficient to sustain his convictions. The state appellate court rejected this claim:

> {¶ 7} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id*. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion

reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

\*\*\*

{¶ 11} The evidence clearly demonstrated that Hairston shot Pyfrom in the head and chest killing him. Thus, the evidence clearly demonstrated that Hairston purposely caused the death of Pyfrom, the elements of murder as defined in R.C. 2903.02.

{¶ 12} For Hairston to have been guilty of aggravated murder, the state of Ohio had to prove an additional element, namely that Hairston acted with prior calculation and design. See R.C. 2903.01(A).

{¶ 13} This element was satisfied in this case by Hairston's driving up to Pyfrom's prone body and shooting him again. The second shooting was not a matter of instantaneous deliberation. Hairston made a conscious decision to approach Pyfrom's prone body and shoot Pyfrom again. All the elements of aggravated murder were fully supported by the evidence. The evidence was sufficient to support the conviction and related firearm specifications.

{¶ 14} The evidence was also sufficient to support a finding that Hairston was guilty of having a firearm while under a disability, a charge which was submitted to the trial court judge as trier of fact.

{¶ 15} . . . the jury clearly heard Hairston's denial of involvement in the shootings and discounted it. As noted earlier, Hairston told police he did in fact shoot Pyfrom, but was leaning towards a defense of self-defense at that time. Perhaps because the trial testimony indicated that he shot Pyfrom again while Pyfrom was lying wounded on the ground, Hairston did not claim self-defense when he testified at trial. Instead, he denied shooting Pyfrom at all.

{¶ 16} The jury appropriately weighed the evidence and found the state's evidence much more credible.

{¶ 17} The sole assignment of error is overruled.

*Hairston*, 2016 WL 6392637, at \*2.

In determining whether the evidence was sufficient to support a petitioner's conviction, a federal habeas court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The

prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id.* (quoting *Jackson*, 443 U.S. at 326). Instead, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* at 296–97 (quoting *Jackson*, 443 U.S. at 326).

Moreover, federal habeas courts must afford a "double layer" of deference to state court determinations of the sufficiency of the evidence. As explained in *Brown v. Konteh*, deference must be given, first, to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 567 F.3d 191, 205 (6th Cir. 2009). Second, and even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*; *see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome, and Petitioner has not done so here.

Indeed, applying this standard, this claim fails to provide a basis for relief. Montoya Rogers testified that, in September 2014, she was living with her boyfriend, Terrence Pyfrom, in Canal Winchester. On the day at issue, they took her father out on a "party bus" for his fiftieth birthday. (Doc. 5-2, PAGEID #: 313–14). Afterwards, she and Pyfrom went to the Turbulence Lounge, where Pyfrom got into an altercation with an unidentified individual, but they were unable to leave because they could not find their car keys. (PAGEID #: 317–19). While waiting for a locksmith to arrive, Pyfrom then got into an altercation with the Petitioner. According to Rogers, Petitioner eventually walked to his car, took out a gun, and began shooting at Pyfrom. (PAGEID #: 326–29,

7

335–37). She then watched Petitioner walk over to Pyfrom's body lying on the ground, where he stood over the body and shot him in the forehead. (PAGEID #: 337–38). Petitioner then got into his car and drove away. (PAGEID #: 340).

Petitioner, however, maintains that his convictions are based on misleading, fabricated, and inconsistent testimony of prosecution witnesses. But the testimony of Rogers, alone, is constitutionally sufficient evidence to sustain Petitioner's convictions on the charges of murder and aggravated murder, with firearm specifications, of Terrence Pyfrom. Further, the State introduced a certified judgment entry showing that on March 22, 2006, Petitioner had been convicted of possession of cocaine, in violation of O.R.C. § 2925.11, a fifth-degree felony; on February 6, 2002, he was adjudicated delinquent for a felony assault, in violation of O.R.C. § 2903.13; and on August 29, 1997, he was adjudicated a delinquent for felonious assault. Transcript (Doc. 5-3, PAGEID #: 632–33). The parties stipulated that the Jonathan Hairston named in the three judgment entries was the same person on trial on the underlying charges in this case. (PAGEID #: 633). Thus, the record reflects that the evidence also is constitutionally sufficient to sustain Petitioner's conviction on having a weapon while under disability.

## V.     RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: August 6, 2018  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE