# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JONATHAN HAIRSTON,

    Petitioner,

v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-347
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On August 6, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (Doc. 6). Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation, and a Motion to Stay. (Docs. 7, 10). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (Doc. 10) is **OVERRULED.** The Report and Recommendation (Doc. 6) is **ADOPTED** and **AFFIRMED**. The Motion to Stay (Doc. 7) is **DENIED.** This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his February 2016 convictions after a trial in the Franklin County Court of Common Pleas on charges of aggravated murder, murder, and having a weapon while under disability, with specifications. Petitioner asserts that the evidence is constitutionally insufficient and that his convictions are against the manifest weight of the evidence. The Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the recommendation of dismissal of this action. He states that he has now identified numerous errors of trial counsel that his attorney should have raised on direct appeal. He therefore intends to file a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) in order to present a claim of the denial of the effective assistance of appellate counsel to the state courts. Petitioner additionally indicates that he now has discovered new evidence, i.e., potential defense witnesses, that establish his actual innocence. He may present this evidence to the state courts through the filing of a delayed post conviction petition or a motion for a new trial. Petitioner seeks a stay of proceedings pending the filing of these actions in the state courts.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the discretion to stay a "mixed petition," containing both exhausted and unexhausted claims, to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review. Nonetheless, the Court made clear that stays under these circumstances should be granted sparingly. *Id*. at 277 (recognizing that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and that it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). Stated differently, the Court held that "stay and abeyance should be available only in limited circumstances," and is appropriate only if there is good cause for the Petitioner's failure to exhaust his claims first in state court. *Id*. at 277. Finally, even if good cause exists, a stay is inappropriate where the unexhausted grounds are plainly meritless. *Id*. Thus, an abuse of discretion in denying a stay and dismissing the petition may be found only "if the petitioner had good cause for his failure to exhaust, his unexhausted

claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

However, the record reflects no grounds for a stay of proceedings. Petitioner has presented no unexhausted claims for relief. Thus, the Court does not have before it a mixed petition. Moreover, Petitioner does not identify the nature of his claims, and the record does not indicate that he has yet to pursue the filing of any additional state collateral relief. It does not appear that he can establish good cause for failing to do so, to date. Likewise, it does not appear that the amendment of the Petition with any new and unidentified unexhausted claims would be potentially meritorious so as to warrant a stay. The record is without support for Petitioner's claim that he has new eye-witness testimony that will exonerate him. As discussed, Petitioner does not identify, and it is not apparent from the record, the nature of his claims of the denial of the effective assistance of counsel. Moreover, the time period for filing a state post-conviction petition has long since expired, will now likely be denied as untimely under O.R.C. § 2953.23, which provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the

petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

*Id.* Under these circumstances, any unexhausted claim is not potentially meritorious, as that term is defined under *Rhines*. *See White v. Warden, Ross Correctional Inst.*, No. 2:17-cv-325, 2018 WL 334388, at *5 (S.D. Ohio Jan. 8, 2018) (listing cases). Similarly, the record does not reflect that Petitioner can establish good cause for consideration of an untimely Rule 26(B) application[1] or untimely motion for a new trial. Ohio Criminal Rule 33(B) provides:

Motion for New Trial; Form, Time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is

---

[1] An application for reopening of the appeal based on a claim of the denial of the effective assistance of appellate counsel must be filed within ninety days from journalization of the appellate judgment unless the applicant can show "good cause" for filing at a later time. Ohio Appellate Rule 26(B)(1).

> made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

*Id*. Thus, Petitioner seeks a stay in order to pursue state court action that likely is time-barred. However, "a stay of proceedings would not be warranted for Petitioner to pursue a motion that has little likelihood of success." *White*, 2018 WL 334388, at *5 (citing *Battiste v. Miller*, No. 1:17-cv-128, 2017 WL 1907262, at *5 (N.D. Ohio April 18, 2017) (citation omitted) (where an unexhausted claim is likely procedurally defaulted, a stay and abeyance would be fruitless). In view of the foregoing, Petitioner's request for a stay is **DENIED**.

Petitioner provides no basis for his objection to the Magistrate Judge's recommendation of dismissal of his claims on the merits. For the reasons already detailed in the Magistrate Judge's Report and Recommendation, this Court agrees that these claims do not provide him a basis for relief. Therefore, Petitioner's Objection is **OVERRULED**. The Report and Recommendation (Doc. 6) is **ADOPTED** and **AFFIRMED**. The Motion to Stay (Doc. 7) is **DENIED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S.—. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as without merit or the denial of his motion for a stay. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

 s/Algenon L. Marbley_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT**

**DATED: September 27, 2018**